1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

DISTRICT OF NEVADA

8

9 PAIUTE PIPELINE COMPANY, a Nevada corporation,

10                      Plaintiff,

11       vs.

12 358.95 ACRES OF LAND, MORE OR LESS, LOCATED IN
DOUGLAS COUNTY, NEVADA; HEAVENLY VALLEY LIMITED
13 PARTNERSHIP, a Nevada Limited Partnership; PLACERVILLE
LUMBER COMPANY; DOUGLAS COUNTY SEWER
14 IMPROVEMENT DISTRICT NO. 1, a municipal corporation;
CLOVER VALLEY LUMBER COMPANY; TAHOE VILLAGE
15 OWNERS' ASSOCIATION; THE RIDGE TAHOE PROPERTY
OWNERS ASSOCIATION; HARICH TAHOE; TAHOE VILLAGE,
16 INC.; HARICH TAHOE DEVELOPMENTS; LAKE TAHOE LAND
COMPANY INC., a Nevada corporation; WILLIAM COLE, a married
17 man; SIERRA PACIFIC POWER COMPANY, a Nevada Corporation;
CALIFORNIA INTERSTATE TELEPHONE COMPANY, a
18 corporation; CONTINENTAL TELEPHONE COMPANY OF
CALIFORNIA, D/B/A/ CONTINENTAL TELEPHONE COMPANY
19 OF NEVADA, a California corporation; FRED TOTAH AND LISA
KRISTIN FARMER, husband and wife as joint tenants, and NANCY
20 GRACE KHOURY-SALAMEH AND ROY K. SALAMEH,
TRUSTEE, NANCY GRACE KHOURY-SALAMEH, TRUSTEE OF
21 THE SALAMEH FAMILY TRUST DATED MARCH 24, 2003, all as
Tenants in Common; STEWART TITLE OF NEVADA HOLDINGS,
22 INC., a Nevada corporation; NANUK REAL ESTATE CONSULTING
INC., a Nevada corporation; JACK K. SIEVERS AND DENISE
23 SIEVERS, husband and wife as joint tenants; CENTURY 21, TAHOE
PINES REALTY; and UNKNOWN OWNERS,

24
25
26
27                      Defendants.

28

CASE NO:
3:10-cv-00661-LRH-RAM

PARCEL NOS:

APN 1319-19-802-003
APN 1319-00-002-026
APN 1319-19-702-001
APN 1319-19-802-006
APN 1319-19-802-001

**ORDER ON PLAINTIFF
PAIUTE PIPELINE
COMPANY'S MOTION
FOR SUMMARY
JUDGMENT REGARDING
CONFIRMATION OF
CONDEMNATION
AUTHORITY AND
MOTION FOR
IMMEDIATE
POSSESSION OF
PROPERTY INTERESTS,
OR IN THE
ALTERNATIVE, MOTION
FOR IMMEDIATE
OCCUPANCY PURSUANT
TO NRS 37.100**

1

**ORDER ON PLAINTIFF PAIUTE PIPELINE COMPANY'S MOTION FOR SUMMARY
JUDGMENT REGARDING CONFIRMATION OF CONDEMNATION AUTHORITY AND
MOTION FOR IMMEDIATE POSSESSION OF PROPERTY INTERESTS, OR IN THE
ALTERNATIVE, MOTION FOR IMMEDIATE OCCUPANCY PURSUANT TO NRS 37.100**

This matter came before this Court pursuant the filing of Plaintiff Paiute Pipeline Company's ("Paiute") Motion for Summary Judgment Regarding Confirmation of Condemnation Authority and Motion for Immediate Possession of Property Interests, or in the alternative, Motion for Immediate Occupancy Pursuant to NRS 37.100 ("Motion").

Defendant William Cole ("Cole") does not oppose Paiute's Motion and stipulated to Paiute's occupancy of his property. That Stipulation is an order of the Court (Document #86). Paiute and Defendant Heavenly Valley Limited Partnership ("Heavenly") executed a Stipulation for settlement, which became an order of the Court (Document # 97). None of the other Defendants filed an opposition to Paiute's Motion.

THE COURT, HAVING REVIEWED PAIUTE'S MOTION, HEREBY FINDS THE UNDISPUTED FACTS TO BE:

1.      On October 22, 2010, Paiute commenced this action, pursuant to Rule 71.1 of the Federal Rules of Civil Procedure and the Natural Gas Act, 15 U.S.C. § 717f, to acquire by eminent domain a perpetual easement, and in some cases temporary easements, on a portion of five properties located in Douglas County, Nevada for the purpose of constructing the Paiute 2010 Expansion Project ("Project"). The properties are more accurately described as Douglas County Assessor Parcel Numbers 1319-19-802-003, 1319-00-002-026, 1319-19-702-001, 1319-19-802-006, and 1319-19-802-001, and depicted on Exhibit B to Paiute's Motion. The Project was approved by the Federal Energy Regulatory Commission ("FERC") on August 23, 2010.

2.      Defendant Heavenly is the fee owner of APNs 1319-19-802-003, 1319-00-002-026, and 1319-19-702-001. Defendant Cole is fee owner of APN 1319-19-802-006. Defendants Fred Totah and Lisa Kristin Farmer, husband and wife as joint tenants, and Nancy Grace Khoury-Salameh and Roy K. Salameh, Trustees of the Salameh Family Trust Dated March 24, 2003, all as tenants-in-common ("Totah/ Salameh"), are fee owners of APN 1319-19-802-001. All other Defendants were named pursuant to FRCP 71.1(c)(3) as persons or entities who may claim an interest in the properties and

1    whose names were identified in the litigation guarantees obtained by Paiute prior to commencing the

2    present action.

3         3.      Defendant Douglas County Sewer Improvement District No. 1 ("DCSID") filed an

4    Answer to Paiute's complaint, asserting that it has an existing easement which "parallels and overlaps"

5    Paiute's proposed easement.  On April 5, 2011 Defendant DCSID and Paiute submitted a Stipulation

6    and Order to the Court whereby DCSID disclaimed its interest in the proceedings (Document #109).

7         All other Defendants have either failed to appear after being properly served, disclaimed their

8    interest in the proceeding, or have no objection or defense to the taking and filed a notice of appearance

9    pursuant to FRCP 71.1(e)(1).

10        4.      Paiute's Motion, filed on October 28, 2010, seeks confirmation of its authority to

11   condemn the property interests needed for construction of its pipeline and to take immediate possession

12   of the land for that purpose.  Immediate occupancy not later than May 1, 2011 is necessary as Paiute

13   must complete the construction by August 23, 2011 in order to comply with the Certificate of Public

14   Convenience and Necessity issued by the FERC.

15        5.      Paiute served its Motion by having a process server personally deliver a copy to each

16   named Defendant in this action.

17        6.      On February 15, 2011 Defendant Heavenly and Paiute entered into a Stipulation for

18   settlement, deposit of money, entry of judgment and entry of final order of condemnation.  The Order

19   was entered on February 18, 2011 (Document # 97).  Pursuant to the terms of the Stipulation, on March

20   1, 2011 Paiute deposited $15,000.00 with the Clerk of Court.  Judgment was entered on March 15,

21   2011 in favor of Paiute.  That same day, a Final Order of Condemnation was submitted to the Court.

22        7.      On December 27, 2010 Defendant Cole and Paiute entered into a Stipulation permitting

23   Paiute's occupancy of his property and nonopposition to Paiute's Motion.  Order was entered on

24   January 18, 2011 (Document #86).  Pursuant to the terms of the Stipulation, on January 31, 2011 Paiute

25   deposited $8,200.00 with the Clerk of Court.

26        8.      Defendants Totah/ Salameh were duly served with process on November 4, 2010 and

27   have failed to appear in this matter.  Consequently, on March 4, 2011 default was entered against them.

28

1  The appraised value of the easement acquired on the Totah Salameh property is $8,400.00.  Exhibit A-2
2  to Paiute's Motion.

3  THE DEFENDANTS HAVING FILED NO OPPOSITION, AND GOOD CAUSE APPEARING, THE COURT
4  HEREBY GRANTS PAIUTE'S MOTION TO CONFIRM ITS AUTHORITY TO CONDEMN AND TAKE IMMEDIATE
5  POSSESSION OF THE PARCELS PURSUANT TO THE FOLLOWING TERMS:

6      1.      Paiute may occupy Defendant Heavenly's property pursuant to the terms of the
7  Stipulation and Order for settlement executed between the parties.

8      2.      Paiute my occupy Defendant Cole's property pursuant to the terms of the Stipulation
9  and Order for occupancy executed between the parties.

10     3.      Paiute may occupy Defendant Totah/ Salameh's property, namely, a 20,113 square foot
11 easement for natural gas utility purposes on a portion of a 3.25 acre parcel, APN 1319-19-802-001, said
12 right of occupancy to commence the day Plaintiff deposits with the Clerk of Court $8,400.00, which is
13 the amount of Paiute's appraisal for the easement rights sought.  The easement is more accurately
14 described in Exhibit 1.

16     **IT IS SO ORDERED** this  14th   day of April, 2011

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4